David M. Mannion (admitted *pro hac vice*)
BLAKELEY LC
(*DMannion@BlakeleyLC.com*)
530 Technology Drive, First Floor
Irvine, California 92618
Tel.: (949) 260-0611

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Export Development Canada, | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Positive Synergy, LLC, | |
| Defendant. | |

Plaintiff Export Development Canada ("EDC"), for its complaint against defendant Positive Synergy, LLC ("Synergy"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a simple debt collection case brought by plaintiff EDC as the insurer and assignee of non-party Silfab Solar Inc. ("Silfab").

**THE PARTIES**

2. EDC is a non-profit Canadian Crown corporation established by the Canadian Export Development Act of 1985. EDC's worldwide headquarters are in Ottawa, Canada.

3. Synergy is an Arizona limited liability company.

**JURISDICTION AND VENUE**

4. The Court has jurisdiction of this action under 28 U.S.C. § 1331(a) because EDC's claims arise under a self-executing treaty of the United States or, alternatively, under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest

1

1  and costs, and complete diversity of citizenship exists.

2       5.     Jurisdiction over Synergy is proper because its principal place of business is in Arizona and it is an Arizona limited liability company.

     6.     Synergy's sole member is Positive Synergy Holdings, Inc.

     7.     Positive Synergy Holdings, Inc. is an Arizona corporation with its principal place of business in Arizona.

     8.     Synergy's members, through every organizational layer, are citizens of Arizona.

     9.     None of Synergy's members, through every organizational layer, are citizens of Canada.

     10.     Venue is proper under 28 U.S.C. § 1391(b) because Synergy resides in this District and a substantial part of the events giving rise to the action occurred here.

## FACTUAL ALLEGATIONS

     11.     EDC provides insurance against nonpayment (known as "credit insurance") to Canadian exporters selling goods in the U.S.

     12.     EDC's insured, nonparty Silfab, is a manufacturer of solar panels and cells.

     13.     Synergy ordered solar panels from Silfab.

     14.     Between January and March 2025, Silfab delivered solar panels (the "Goods") to Synergy at a price of USD $915,835.60.

     15.     Between January and March 2025, Silfab issued nine (9) invoices to Synergy for the price of the Goods (the "Invoices").

     16.     An authentic copy of the Invoices is attached as Exhibit 1.

     17.     Synergy ordered the Goods identified in the Invoices.

     18.     The Goods identified in the Invoices were delivered at the location(s) Synergy requested.

     19.     Synergy accepted delivery of the Goods identified in the Invoices.

     20.     Synergy did not pay the price of the Invoices.

     21.     Synergy received the Invoices at or around the time of the invoice dates.

22. There were no defects or nonconformities in the Goods identified in the Invoices.

23. Synergy has no documents showing there were any defects or nonconformities in any items listed on the Invoices (such as photos, inspection reports, or emails/text messages sent before this case was filed).

24. Synergy did not notify Silfab in writing of any defects or nonconformities in any of the Goods identified in the Invoices before this case was filed.

25. Synergy did not notify Silfab verbally of any defects or nonconformities in any of the Goods identified in the Invoices before this case was filed.

26. Synergy has no documents showing it notified Silfab of any defects or nonconformities in any of the Goods identified in the Invoices before this case was filed.

27. The Goods identified in the Invoices are not capable of being returned to Silfab in substantially the same condition as they were in when they were delivered.

28. Synergy had an opportunity to inspect the Goods identified in the Unpaid Invoices when they were delivered.

29. Synergy did not notify Silfab in writing that it was rejecting any of the Goods identified in the Invoices before this case was filed.

30. Synergy did not notify Silfab verbally that it was rejecting any of the Goods identified in the Invoices before this case was filed.

31. Synergy has no documents showing it notified Silfab it was rejecting any of the Goods identified in the Invoices before this case was filed.

32. Synergy did not object in writing to any of the terms of the Invoices before this case was filed.

33. Synergy did not object verbally to any of the terms of the Invoices before this case was filed.

34. Synergy never notified Silfab in writing that it had breached any express or implied warranty with respect to any of the Goods identified in the Invoices before this case was filed.

35. Synergy never notified Silfab verbally that it had breached any express or implied warranty with respect to any of the Goods identified in the Invoices before this case was filed.

36. Synergy has no documents (such as emails or letters) showing it notified Silfab that it had breached any express or implied warranty with respect to any of the Goods identified in the Invoices before this case was filed.

37. Synergy never made any efforts to return any of the Goods identified in the Invoices to Silfab.

38. Synergy has no documents showing it made any efforts to return any of the Goods identified in the Invoices to Silfab.

39. Synergy acknowledged liability for the Invoices before this case was filed.

40. Synergy has no documents showing it gave Silfab notice of any problems with, or objections to, its performance of any of its obligations with respect to the Invoices before this case was filed.

41. Pursuant to Silfab's Invoices, payment of $915,835.60 for the Goods was due between March and May 2025.

42. Synergy has not paid any of the amounts indicated as being outstanding on the Invoices.

43. Silfab assigned its contractual rights against Synergy to EDC.

44. All conditions precedent to the filing of this action have occurred or been performed.

45. Synergy is liable to EDC for the amount of the Invoices in an amount to be determined at trial but in no event less than $915,835.60 in principal, plus interest at the rate of 24% per annum pursuant to the terms of the Invoices.

## COUNT 1

**(Breach of Contract)**

46. EDC repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

47. Between January and March 2025, Silfab delivered the Goods to Synergy.

48. Synergy breached its contractual obligations to Silfab by taking delivery of the Goods identified in the Invoices but failing to pay the price of the Invoices.

49. Silfab performed all its contractual obligations to Synergy.

50. EDC is entitled to recover from Synergy damages in an amount to be determined at trial but in no event less than $915,835.60 in principal, plus interest at the rate of 24% per annum pursuant to the terms of the Invoices.

## COUNT 2

### (Action for the Price)

51. EDC repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

52. Synergy ordered the Goods identified in the Invoices.

53. The Goods were delivered at the location(s) Synergy requested.

54. Synergy did not reject any of the Goods identified in the Invoices.

55. Synergy did not revoke its acceptance of any of the Goods identified in the Invoices.

56. Synergy did not pay the price of the Invoices.

57. Synergy did not notify Silfab of any defects or nonconformities in any of the Goods identified in the Invoices before this case was filed.

58. Synergy is unable to return the Goods identified in the Invoices.

59. EDC is entitled to recover from Synergy damages in an amount to be determined at trial but in no event less than $915,835.60 in principal, plus interest at the rate of 24% per annum pursuant to the terms of the Invoices.

## COUNT 3

### (Account Stated)

60. EDC repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth in this Count.

61. Synergy had an agreement with Silfab to pay for the Goods.

62. Synergy received the Invoices.

63. Synergy retained the Invoices without objection.

64. Synergy failed to object to the Invoices within a reasonable time.

65. Synergy acknowledged the correctness of the balance owed under the Invoices.

66. EDC has stated an account against Synergy for an amount to be determined at trial but in no event less than $915,835.60 in principal, plus interest at the rate of 24% per annum pursuant to the terms of the Invoices.

## PRAYER FOR RELIEF

WHEREFORE, EDC prays for a judgment against Synergy as follows:

A. For damages in an amount to be determined at trial but in no event less than $915,835.60 in principal, plus interest at the rate of 24% per annum;

B. For EDC's attorneys' fees and costs incurred; and

C. For such other and further relief as the Court deems just and equitable.

DATED this 25th day of September, 2025.

Respectfully submitted,

BLAKELEY LC

By: */s/ David M. Mannion*
David Mannion

Attorneys for Plaintiff Export Development Canada